IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLEE H., on behalf of ISAIAH CHRISTIAN T., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:24-CV-776-KFP ) |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Kimberlee H., on behalf of Claimant Isaiah Christian T.,[2] filed a Complaint seeking review of the Social Security Administration's decision denying his application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Claimant's supporting brief (Doc. 12) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 15) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 6, 7.

After scrutiny of the record and the pending motions, the Court finds that Claimant's motion for summary judgment is due to be DENIED, the Commissioner's motion for

---

[1] Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See* § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] The Claimant reached the age of majority on September 28, 2023. R. 21.

summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.   STANDARD OF REVIEW

The scope of this Court's review is limited to a determination of whether the Administrative Law Judge (ALJ) applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla"—i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, a district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## II.  PROCEDURAL BACKGROUND

The Commission's brief succinctly recites the undisputed administrative history:

> Plaintiff appeals from the Commissioner's determination that her son (Claimant) was no longer disabled as of February 3, 2022 (cessation date). In a determination dated February 7, 2013, the Commissioner granted Plaintiff's application for Supplemental Security Income benefits, determining that Claimant was disabled as of December 1, 2012 (Tr. 107-16, 394-99). The Commissioner determined Claimant's disability had continued in a determination dated March 2, 2017 (Tr. 117-25). The Commissioner subsequently determined that Claimant was no longer disabled as of February 3, 2022 (Tr. 126-34). The agency upheld the determination on reconsideration (Tr. 136-43). After a hearing held on May 18, 2023 (Tr. 74-106), an Administrative Law Judge (ALJ) issued an unfavorable decision (Tr. 147-64). The Appeals Council subsequently remanded the matter to an ALJ (Tr. 173-74).
>
> Subsequently, another hearing was held on August 8, 2024 (Tr. 47-73). On August 22, 2024, an ALJ issued an unfavorable decision, finding Claimant's disability ended as of February 3, 2022, and that he has not become disabled again since that date (Tr. 17-38). The Appeals Council denied Plaintiff's request for review (Tr. 1-3, 392-93).

Doc. 15 at 1–2.

## III.  THE ALJ'S DECISION

In his August 2024 decision, the ALJ determined that Claimant's most recent favorable determination finding that Claimant was disabled was the disability decision dated March 2, 2017. R. 21. The most recent favorable medical decision is known as the "comparison point decision" (CPD). R. 21. The ALJ recounted that "[a]t the time of the CPD, the claimant had the following medically determinable impairments: attention deficit hyperactivity disorder (ADHD) and mood disorder," and that "[t]hese impairments were found to functionally equal the listings." R. 21.

3

The ALJ determined that Claimant had no past relevant work experience (R. 37), and that February 3, 2022, was when medical improvement occurred (R. 21). The ALJ also found that as of February 3, 2022, Claimant was an adolescent. R. 21. The ALJ determined "that since February 3, 2022, the impairments that Claimant had at the time of the CPD have not functionally equaled the Listing of Impairments." R. 22. The ALJ found that since this date, Claimant had severe impairments of "ADHD, mood disorder, learning disability and sleep disorder," but that these impairments or combination of impairments did not meet or medically equal a listed impairment. R. 29. The ALJ found that since reaching the age of 18, on September 28, 2023, "Claimant has not developed any new impairment or impairments." R. 34.

The ALJ determined that Claimant had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with certain limitations. R. 36. Further, based on vocational expert testimony, the ALJ determined that Claimant could perform other work that exists in significant numbers in the national economy. R. 37–38.

Accordingly, the ALJ determined that Claimant's disability ended on February 3, 2022, and he has not become disabled since that date. R. 38.

**IV.    ISSUES ON APPEAL**

On appeal, Claimant argues that the Commissioner's decision is not supported by substantial evidence because the ALJ improperly assigned no weight to the opinion of Dr. Jerlyn C. McLeod, M.D.

V.      DISCUSSION

Claimant asserts that the ALJ failed to assign proper weight to Dr. McCleod's opinion.[3] Claimant alleges that the ALJ's failure is emphasized by the fact that "[t]he ALJ offers no reference" to any of the specific findings in Dr. McCleod's notes when discussing Dr. McCleod's opinion and also fails to "offer any specific explanation as to how these findings contradict the doctor's opinion." Doc. 12 at 10.[4] In addition, Claimant argues that his medical records support Dr. McCleod's determination that he suffered from marked limitations in four areas and moderate limitations in two areas. *Id.* at 8–11. Claimant avers the ALJ "selectively ignores a number of complaints and struggles within [Claimant's] records." *Id.* at 9. The components Claimant argues the ALJ ignored are Claimant's "increase[ed] irritation ('he is a little more testy now'), increased anxiety, difficulty with change, nervousness, raising his voice at his mother, getting frustrated, defiance, inappropriate contact with others, and lack of sleep." *Id.* at 9–10.

When "determining whether an individual under the age of 18 is disabled, the Commissioner uses a three-step, sequential evaluation process." *Loretta Banks v. Comm'r, SSA*, 686 F. App'x 706, 712 (11th Cir. 2017) (citing 20 C.F.R. § 416.924(a)). At step three

---

[3] Claimant also argues that if the "ALJ misunderstood Dr. McCleod's opinions" then the ALJ was required to contact Dr. McCleod to gain a better understanding of her opinion. Doc. 12 at 10. In support of this argument, Claimant cites to 20 C.F.R. §§ 404.1512(e) and 416.912(f). While the Eleventh Circuit has stated that "[m]edical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled," *Couch v. Astrue*, 267 F. App'x 853, 855 (11th Cir. 2008) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e)), neither of these subsections of the statute are currently in effect and were not in effect at any point following the initial award of disability in this case. For this reason, the Court declines to consider this argument.

[4] Part of Claimant's argument, Doc. 12 at 10, appears to reference the treatment notes of a consultative visit with a different doctor. R. 791–93.

of this process, "the ALJ looks to whether the claimant has 'marked' limitations in at least two of six domains, or an 'extreme' limitation in one domain." *Id.* (citing 20 C.F.R. § 416.926a(d)). The domains the ALJ assesses are "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Id.* (citing 20 C.F.R. § 416.926a(b)(1)). A "marked" limitation is defined as "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." *See* 20 C.F.R. § 416.926a(e)(2). It means "a limitation that is 'more than moderate' but 'less than extreme.'" *Id.* An "extreme" limitation "interferes very seriously with your ability to independently initiate, sustain, or complete activities" and is a limitation "more than marked." *See* 20 C.F.R. § 416.926a(e)(3).

When considering medical opinions, the ALJ considers several factors: "(1) the examining relationship, (2) the treatment relationship, (3) the degree to which an opinion is supported by evidence, (4) consistency with the record as a whole, (5) the physician's specialization related to the medical issues," as well as "(6) any other factors that tend to support tor contradict the medical opinion." *Brock v. Comm'r*, 758 F. App'x 745, 750 (11th Cir. 2018) (citing 20 C.F.R. § 416.927(c)). "[A]n ALJ [must] give 'controlling weight' to a treating physician's opinions if they were 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other

6

substantial evidence in [the] case record.'" *Simon v. Comm'r, SSA*, 7 F.4th 1094, 1104 (11th Cir. 2021) (third alteration in original) (citing 20 C.F.R. § 404.1527(c)(2)).[5]

"The opinion of a treating physician, such as Dr. [McCleod], 'must be given substantial or considerable weight unless good cause is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A "good cause" showing is established "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241. When the ALJ rejects a treating physician's opinion, the reasons for choosing to disregard must be clearly articulated. *Id.*; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain 'the weight [it] has given to obviously probative exhibits.'" *Simon*, at 1004–05 (alteration in original) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ notes that she considered Dr. McCleod's February 2023 opinion, but the ALJ ultimately rejected Dr. McCleod's opinion and concluded that Dr. McCleod's own treatment records did not support her opinion. The ALJ contrasted Dr. McCleod's treatment notes which generally "indicate that the claimant is doing well" with Dr. McCleod's opinion which contained marked limitations. R. 31. The ALJ stated that based

---

[5] Claimant's disability claim was filed before March 27, 2017; thus, it is governed by 20 C.F.R. § 404.1527(c)). *See Simon*, 7 F.4th at 1104 n.4.

on Dr. McCleod's own notes, "claimant has shown stability with treatment, little change in his prescribed medications, and generally normal to mild findings on mental status examinations during the relevant period," and thus gave "no weight" to the opinion as to the "marked limitations." R. 31.

Prior to reaching this conclusion concerning the weight of Dr. McCleod's opinion, the ALJ cited to evidence of record when she determined that Claimant's impairments have not functionally equaled the Listings of Impairments since February 3, 2022. R. 22. In support of this, the ALJ cited to various exhibits containing Dr. McCleod's "Progress Notes" ranging from visits conducted from March 2022 through January 2023. R. 22; R. 805–810, 832–837. These citations to the record include references to sections of Dr. McCleod's notes which state "Mom reports that [Claimant] is a little more testy now," and that Claimant raises voice. R. 832. Dr. McCleod's notes also state Claimant is "staying out of trouble," that his behavior is appropriate and cooperative, and that he is logical, coherent, and goal-oriented. R. 832. Other notes provide reports from Claimant and mother that "things have been alright," and that behavior is appropriate and cooperative. R. 834. These same notes state "patient reports he calms down quickly after getting frustrated." R. 834. Another set of notes states "he has been doing good" and that "[t]he medications he is on are going smooth." R. 836. While the ALJ did not restate each of these quotations, the ALJ's citations to the exhibits containing Dr. McCleod's notes emphasize the ALJ used these notes to inform her decision, finding that "[i]n January 2023, the claimant reported to treating providers that he was able to stay focused and pay attention in class, and was staying out of trouble." R. 22. The ALJ further found Dr. McCleod's mental status

examination findings "demonstrated [Claimant had] appropriate behavior, normal speech, pleasant mood, normal thought process, and appropriate insight and judgment." R. 22. The ALJ further found that Dr. McCleod's notes reflected that Claimant denied symptoms of depression and anxiety in October 2022. R. 30.

The ALJ also referenced Dr. McLeod's notes for his finding that "[C]laimant routinely denied side effects to medication and declined changes." R. 22. The ALJ described Dr. McCleod's medication treatment plan including medications such as Zoloft, Vyvanse, and Adderall, and acknowledged that Claimant's dosage of Zoloft increased in March 2022 after Claimant reported increased anxiety. R. 30–31. The ALJ described that at Claimant's follow-up appointment, Claimant "reported the increased dosage helped him" and that he then "declined medication changes." R. 31.

Following this comprehensive overview of progress notes and Claimant's medication treatment plan, the ALJ determined that Dr. McCleod's opinion that Claimant was suffering from moderate and marked limitations was "overall [] not consistent with or supported by the evidence of record, includ[ing] the provider's own treatment records." R. 31.

It is against this backdrop that Claimant posits that the "[t]he ALJ offers no reference" to Dr. McCleod's specific findings, argues that "the ALJ offers a vague and overly sunny summarization of [Claimant's] medical records[],]" and asserts that the ALJ gave Dr. McCleod's opinions "no weight." Doc. 12 at 9–10. Claimant urges the Court to consider *Simon v. Comm'r of Soc. Sec. Admin*, 7 F.4th 1094 (11th Cir. 2021). There, the Eleventh Circuit reversed the ALJ's decision because it "did not adequately explain how

9

any of [the] pieces of evidence were inconsistent with [the treating physician's] opinions or otherwise constituted good cause to disregard her conclusions." *Simon*, 7 4th at 1105. In explaining this decision, the Eleventh Circuit noted that, in contrast to the representations made by the ALJ, the treating physician's treatment notes and her opinions contained no inconsistencies: her records showed that the claimant was experiencing intense symptoms, which was in line with her opinion. *Id.* at 1005. The Eleventh Circuit held that the ALJ had "verge[d] on a blatant mischaracterization of [claimant's] medical records" by "fail[ing] to engage with significant portions of [the physician's] clinical findings." *Id.* at 1106. Likewise, the Eleventh Circuit also concluded "that isolated entries" in the treating physician's notes that indicated claimant was sometimes stable on medication does not "constitute or contribute to good cause to reject [the treating physician's] opinions." *Id.* at 1106.

Here, in contrast to *Simon*, the ALJ *did* explain how the evidence was inconsistent with Dr. McLeod's medical opinion. The ALJ dedicated an entire paragraph to detailing Dr. McCleod's treatment notes, and after this summarization, the ALJ found that Dr. McCleod's opinion did not align with the other evidence from Dr. McCleod's treatment and notes in the record. The ALJ cited to various instances in the record containing Dr. McCleod's findings, including instances acknowledging that even after February 2022, there was a reported instance of increased anxiety and a subsequent change in dosage of medication. R. 31.

The ALJ is not obligated to regurgitate verbatim each finding of a treating physician. As stated in *Raper v. Comm'r of Soc. Sec.*, "it is not as if the ALJ provided 'no explanation'

10

and there is 'no obvious reason for the inconsistency in sight," but rather "'it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses' in this circumstance." *Raper*, 89 F.4th 1261, 1275–76 (11th Cir. 2024) (first quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1261 (11th Cir. 2019); and then quoting *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004)). The ALJ's refusal to copy and paste quotations from a doctor's treatment notes is not a basis for overturning an ALJ's opinion. "'[T]here are no magic words' that an ALJ must use when discounting a treating physician's opinion[;] [] '[w]hat matters is whether the ALJ states with at least some measure of clarity the grounds for his . . . decision.'" *Capobianco v. Comm'r*, 2025 U.S. App. LEXIS 6364, at *13 (11th Cir. Mar. 19, 2025) (fourth alteration in original) (quoting *Raper*, 89 F.4th at 1276 n.14) (finding that "the ALJ's thorough discussion of the questionnaire made clear that he found good cause to assign less than controlling weight to [the treating physician's] opinion."). Likewise, this Court has found that when an ALJ decides "that the evidence supported a contrary finding to [the treating doctor's] opinion[,] [that] [t]his reasoning is sufficient for the ALJ to discount [such] opinion and to afford it little weight." *Reese v. Saul*, 533 F. Supp. 3d 1061, 1069 (M.D. Ala. 2020).

In sum, the ALJ described why it discounted Dr. McCleod's opinion. The ALJ even included references from Dr. McCleod's notes to show why the ALJ ultimately found the opinion not consistent or supported by Dr. McCleod's prior treatment records. For these reasons, there is no error.

## VI.   CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 12) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 15) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 4th day of June, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE